UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LN Management LC Series 5271 Lindell,<br><br> Plaintiff<br><br>v.<br><br>Estate of Anne Piacentini; Federal National Mortgage Association, and Federal Housing Finance Agency as Conservator for Fannie Mae,<br><br> Defendants<br><hr>Federal National Mortgage Association, and Federal Housing Finance Agency as Conservator for Fannie Mae,<br> Counterclaimants<br><br>v.<br><br>LN Management LC Series 5271 Lindell; Keys Condominium Association,<br><br> Counterdefendants | 2:15-cv-00131-JAD-NJK<br><br>**Order Denying FHFA and Fannie Mae's Motion for Summary Judgment and Granting the HOA's Rule 12(b)(6) Motion to Dismiss the FHFA's Counterclaim**<br><br>[ECF 26, 28, 44] |

 When the Nevada Supreme Court held in *SFR Investments Pool 1, LLC v. U.S. Bank*[1] that homeowners associations' nonjudicial foreclosures on superpriority liens conducted under NRS 116.3116 extinguish lenders' first trust deeds, lenders promptly developed new arguments in hopes of reclaiming their lost assets.[2] This is one of more than a dozen cases in this district in which Fannie Mae and Freddie Mac seek to avoid the costly impact of the *SFR* decision on their portfolios of mortgages on foreclosure properties by invoking 12 U.S.C. § 4617(j)(3), which precludes foreclosure on these government-sponsored enterprises' assets while under the conservatorship of the Federal Housing Finance Agency (FHFA).

 LN Management LLC Series 5271 Lindell brought this action to quiet title against all other

---

[1] *SFR Inv. Pool 1 v. U.S. Bank*, 334 P.3d 408, 419 (Nev. 2014).

[2] *See Freedom Mortgage Corp. v. Las Vegas Dev. Group, LLC*, __ F. Supp.3d __, 2015 WL 2398402 (D. Nev. May 19, 2015).

interests in the Keys Condominium unit #204, which it purchased at the Keys Condominium Association's (HOA's) lien-foreclosure sale. Although LN sued the homeowner and record deed-of-trust holder Citicorp Mortgage, Inc., the Federal National Mortgage Association (Fannie Mae) substituted in for Citicorp because Fannie Mae owned the loan and Citicorp assigned the deed of trust to Fannie Mae after the foreclosure sale.[3] Fannie Mae then filed a "counterclaim" against LN for quiet title and declaratory relief, and against the HOA for declaratory relief only.[4] The Federal Housing Finance Agency—Fannie Mae's conservator since 2008—then intervened on behalf of Fannie Mae.[5]

Together, the FHFA and Fannie Mae now move for summary judgment on all claims and counterclaims, arguing that § 4617(j)(3)'s foreclosure bar prevented the HOA sale from extinguishing Fannie Mae's interest in the property.[6] LN responds that Fannie Mae had no interest in the property at the time of the sale—it merely held the note; the deed of trust belonged to Citicorp.[7] Although I find that § 4617(j)(3) preempts Nevada law to the extent the HOA's foreclosure might have otherwise extinguished a Fannie Mae first-trust-deed interest, I deny summary judgment because Fannie Mae and the FHFA have not established that this deed of trust was their property at the time of the foreclosure.

The HOA separately offers two motions to dismiss the FHFA's and Fannie Mae's lone declaratory relief claim against it. In the first, the HOA argues that the claim is barred because these plaintiffs bypassed the mandatory mediation process that Nevada law requires before a lawsuit over

---

[3] ECF 1-11; 2.

[4] ECF 2, 24. Although the FHFA and Fannie Mae have characterized this claim against the HOA as a "counterclaim," *see* ECF 24, it is more accurately a third-party claim because the HOA was a non party, not an opposing party, when the FHFA and Fannie Mae sued it. *Compare* Fed. R. Civ. P. 13(a)(1) (permitting counterclaims against "an opposing party") *with* Fed. R. Civ. P. 14 (allowing a "defending party, as a third-party plaintiff," to file a third-party claim against "a nonparty who is or may be liable to it for all or part of the claim against it.").

[5] ECF 14, 15.

[6] ECF 26.

[7] ECF 47 at 4.

the HOA's covenants, codes, and restrictions (CC&Rs) can be filed. In the second, the HOA contends that the FHFA and Fannie Mae cannot sustain their lone declaratory relief claim against it because these parties currently have no adverse rights to declare. I find the FHFA and Fannie Mae have not pled a viable declaratory-relief claim against the HOA because there is no justiciable controversy between these parties, so I grant the second motion to dismiss; I deny the first as moot.

## The Factual Record

### A.    The Property

In 1997, Anne Piacentini purchased the condominium unit known as 5271 Lindell Road #204 in the Keys Condominium development in Las Vegas, Nevada.[8] The unit is governed by a set of codes, covenants, and restrictions that establish, among other things, the unit owner's obligation to pay dues and assessments; that obligation is enforced by the HOA.[9] Piacentini borrowed $45,000 from North American Mortgage Company, who secured her repayment of that debt with a deed of trust.[10] The deed of trust and note were soon assigned to Citicorp.[11]

### B.    The HOA's 2013 Foreclosure Sale

By March 2012, the HOA claimed that Piacentini had defaulted on her HOA obligations and owed more than $2,500 including late fees, collection fees, and interest.[12] When payment was not made, the HOA conducted a nonjudicial foreclosure sale on its outstanding lien against the property on December 13, 2013.[13] LN was the successful bidder at that foreclosure sale.[14] Under the *SFR* decision, if the foreclosure was on a true superpriority lien under NRS 116.3116(2), it extinguished

---

[8] ECF 27-1. I grant the FHFA's and Fannie Mae's request that I take judicial notice of the documents that are a matter of public record. ECF 27; Fed. R. Evid. 201(c)(2).

[9] ECF 27-1 at 8.

[10] ECF 27-1 at 2.

[11] *Id*. at 15.

[12] ECF 27-1 at 24–33.

[13] ECF 27-1 at 35.

[14] *Id*.

the first trust deed, and LN takes the property free and clear of the first-trust-deed interest.[15]  But Fannie Mae and the FHFA challenge that result by invoking the foreclosure bar in the Housing and Economic Recovery Act of 2008 (HERA), 12 U.S.C. § 4617(j)(3).  This federal statute provides that "[n]o property of [the FHFA] shall be subject to . . . foreclosure, or sale without" the FHFA's consent.  The FHFA did not consent to the HOA's sale extinguishing or foreclosing any interest Fannie Mae had in the property.[16]

### C.     The State of the Record on Fannie Mae's Interest in the Property at Foreclosure

But the record of Fannie Mae's interest in this property at the time of the foreclosure is not clear.  The recorded documents—which Fannie Mae and the FHFA ask the court to take judicial notice of—do not reflect Fannie Mae's fingerprints on this property until two months after the foreclosure sale.[17]  It appears from this record that, on the foreclosure date, the beneficiary of the deed of trust was Citicorp Mortgage, Inc., not Fannie Mae.[18]

In an attempt to demonstrate that it—not Citicorp—held this interest in the property, Fannie Mae offers the declaration of John Curcio, an Assistant Vice President "familiar with Fannie Mae systems that contain data regarding mortgage loans acquired and owned by Fannie Mae."[19]  He attests that Fannie Mae's computer system reflects that it acquired the loan on this property "from CitiMortgage, Inc. on or about January 1, 1998" and "has owned it ever since."[20]  He further declares that "the rights to service the Loan for Fannie Mae were transferred from CitiMortgage, Inc. to Fannie Mae (with Seterus, Inc. as sub-servicer for Fannie Mae) effective January 31, 2014," so

---

[15] *SFR*, 334 P.3d at 419 ("NRS 116.3116(2) gives an HOA a true superpriority lien, proper foreclosure of which will extinguish a first deed of trust.").

[16] ECF 26-1 at 3, ¶ 4 (Pollard declaration).

[17] *See* ECF 27-1 at 20 (Corporate Assignment of Deed of Trust).

[18] *Id*. at 15 (11/7/97 Assignment of Deed of Trust from North American Mortgage Co. to Citicorp Mortgage, Inc.).

[19] ECF 26-2 at 3.

[20] ECF 26-2 at ¶ 4.

CitiMortgage, Inc. must have been the servicer of the Loan for Fannie Mae prior to January 31, 2014.[21] The printouts that AVP Curcio purports to be interpreting are too cryptic to provide further information.[22] There is no document assigning the note to Fannie Mae in 1998 or suggesting the terms of that assignment. What rights and responsibilities enure to the "servicer" role is not described. There is also no document bridging the gap between CitiMortgage and Citicorp.

**D.    Claims, Counterclaims, and Third-Party Claims**

LN seeks to quiet title to this condominium in itself alone, theorizing that the Nevada Supreme Court's decision in *SFR* makes it clear that the first-trust-deed interest—which property records reflected was held by Citicorp on the foreclosure date—was extinguished.[23] Fannie Mae and the FHFA counterclaim against LN for declaratory relief and to quiet title, arguing that Fannie Mae was the true beneficiary of that deed of trust, and any extinguishment of that interest under Nevada's statutory scheme as clarified by *SFR* was preempted by § 4617(j)(3). They also sue the HOA for declarations that (1) Fannie Mae has an interest in the deed of trust, and (2) that deed of trust was not extinguished by the HOA's foreclosure.[24]

**Discussion**

**A.    Genuine Issues of Material Fact Preclude Summary Judgment.**

Summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[25] When considering summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[26] If reasonable minds could differ on material facts, summary judgment is inappropriate because summary judgment's purpose is to avoid unnecessary

---

[21] *Id.* at ¶ 5.

[22] *Id.* at 11.

[23] ECF 1-2.

[24] ECF 24 at ¶¶ 10–11.

[25] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)).

[26] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

trials when the facts are undisputed, and the case must then proceed to the trier of fact.[27]

Fannie Mae and the FHFA contend they are entitled to summary judgment on all claims and a declaration that Fannie Mae owned—and still owns—the first-trust-deed interest in the property because § 4617(j)(3)'s federal foreclosure bar prevented that interest from being wiped out during the HOA's foreclosure on its lien. To rule in their favor, I must conclude that: (1) § 4617(j)(3) preempts NRS 116.3116 as clarified by SFR to the extent it would otherwise extinguish a Fannie Mae first trust deed through the HOA's foreclosure of a superpriority lien; and (2) the first trust deed on this property belonged to Fannie Mae at the time of the foreclosure. Although I agree with their legal theory, genuine issues of fact regarding who held the first-deed-of-trust interest preclude me from granting summary judgment in favor of Fannie Mae and the FHFA.

    1.    Section 4617(j)(3) preempts NRS 116.3116 as clarified by SFR to the extent it would otherwise extinguish Fannie Mae's first-trust-deed interest through the HOA's foreclosure of a superpriority lien.

In *Skylights, LLC v. Byron*,[28] this district's Chief Judge Gloria Navarro held that § 4617(j)(3) preempts NRS 116.3116 as clarified by *SFR* to the extent it would otherwise extinguish a Fannie Mae or Freddie Mac first-trust-deed interest through the HOA's foreclosure of a superpriority lien. I have since adopted that conclusion twice[29] and now reiterate it. If Fannie Mae held a secured interest in the property, § 4617(j)(3) prevented the HOA's foreclosure of its superpriority loan from extinguishing that interest without the FHFA's consent.

    2.    Fannie Mae's interest in the property is genuinely disputed.

Whether Fannie Mae had an interest in this property at the time of the foreclosure sale is genuinely disputed, however. In support of this motion for summary judgment, Fannie Mae's AVP

---

[27] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

[28] *Skylights, LLC v. Byron*, __ F. Supp. 3d __, 2015 WL 3887061 (D. Nev., June 24, 2015).

[29] *See Fed. Nat'l Mortgage Ass'n v. SFR Investments Pool 1, LLC*, 2015 WL 5723647 (D. Nev. Sept. 28, 2015); *Nationstar Mortgage, LLC v. Eldorado Neighborhood Second Homeowners Ass'n*, 2015 WL 5692081 (D. Nev. Sept. 28, 2015).

1  attests that Fannie Mae bought the mortgage on the property in 1998,[30] but the deed of trust was
2  separated from the note and held by CitiMortgage, Inc. until after the foreclosure when
3  CitiMortgage, Inc. assigned the deed of trust to Fannie Mae.[31]

4  As the Nevada Supreme Court explained in *Edelstein v. Bank of New York Mellon*,[32] "In
5  Nevada, promissory notes on real estate loans are typically secured by deeds of trust on the property.
6  'The note represents the right to repayment of the debt, while the deed of trust represents the security
7  interest in the property that is being used to secure the note.'"[33]  "The deed of trust . . . is considered
8  merely a lien on the property as security for the debt . . . [and] the holder of the note is only entitled
9  to repayment[] and does not have the right under the deed to use the property as a means of satisfying
10 repayment.'"[34] "A promissory note and a security deed are two separate, but interrelated, instruments,
11 and their transfers are also distinctly separate."[35]

12 Separating the note from the deed of trust by assigning these distinct instruments to two
13 separate entities does not necessarily render the note unsecured.  The Nevada Supreme Court held
14 recently in *In re Montierth*, "if an agency relationship exists between" the lender and the beneficiary
15 of the deed of trust "such that the note holder, as principal, can require its agent . . . to assign the
16 mortgage to it, then the note remains secured."[36]  But whether this requisite relationship existed
17 between Fannie Mae and Citicorp or CitiMortgage is not evident from this record.  Fannie Mae's
18 AVP attests that Fannie Mae's computer records reflect that "CitiMortgage, Inc. was the servicer of

---

[30] ECF 26-2 at ¶ 4.

[31] *Id*.; *see also* ECF 27-1 at 20 (2/26/14).

[32] *Edelstein v. Bank of New York Mellon*, 286 P.3d 249, 254 (Nev. 2012).

[33] *Id*. (quoting Robert E. Dordan, *Mortgage Electronic Registration Systems (MERS), Its Recent Legal Battles, and the Chance for a Peaceful Existence*, 12 Loy. J. Pub. Int. L. 177, 180 (2010)).

[34] *Id*. (quoting *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1039 (9th Cir. 2011)).

[35] *Id*. at 259 (internal citations omitted).

[36] *In re Montierth*, 354 P.3d 648, 650–51 (Nev. July 30, 2015).

the Loan for Fannie Mae" at the time of the foreclosure,[37] but the details of that relationship have not been established. Thus, even if 12 U.S.C. § 4617(j)(3) precludes the HOA's foreclosure sale from wiping out a Fannie Mae first deed of trust, whether *this* deed of trust was, in fact, property of Fannie Mae (and thus property of its conservator the FHFA protected by 12 U.S.C. § 4617(j)(3)) at the time of the foreclosure remains genuinely disputed.

Summary judgment is denied.

**B.   Fannie Mae and the FHFA Have Not Pled a Plausible Declaratory-relief Claim Against the HOA.**

Fannie Mae and the FHFA plead just one claim against the HOA—for declaratory relief under the Declaratory Judgment Act (DJA).[38] The HOA moves to dismiss this claim under FRCP 12(b)(6), arguing that there is no justiciable controversy with the HOA to adjudicate. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint.[39] A complaint should be dismissed under this rule when it lacks "a cognizable legal theory or sufficient facts to support a cognizable legal theory."[40]

The DJA is a "procedural" law that "provides an additional remedy, but only in cases resting on some independent basis of federal jurisdiction."[41] To obtain declaratory relief, the plaintiff must demonstrate "a case of actual controversy"— i.e., facts that, "under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."[42]

Fannie Mae and the FHFA have pled no actual and live controversy between themselves and

---

[37] ECF 26-2 at ¶ 5.

[38] 28 U.S.C. § 2201 et seq.

[39] *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

[40] *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

[41] *Miller-Wohl Co. Inc v. Comm'r of Labor & Indus. State of Mont.*, 685 F.2d 1088, 1091 (9th Cir. 1982) (citing *Alton Box Bd. Co. v. Espirit de Corp.*, 682 F.2d 1267 (9th Cir. 1982)).

[42] *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).

the HOA. Their declaratory relief claim prays for two elements of relief: (1) "a declaration . . . that Fannie Mae has an interest in a Deed of Trust [that] still encumbers the Property after the HOA Sale"; and (2) "a determination . . . that 12 U.S.C. § 4617(j)(3) precludes the HOA Sale from extinguishing Fannie Mae's property interest."[43] Neither declaration would impact the HOA's legal rights or seeks to settle adverse legal interests between the HOA and Fannie Mae. As pled, this controversy involves legal interests of Fannie Mae and LN only; the HOA's involvement in it ended on December 16, 2013, when it transferred "without warranty expressed or implied . . . all its right, title and interest in and to" this property to LN.[44] If any basis for declaratory relief once existed, it is now moot because there is no longer a "present controversy as to which effective relief can be granted" between the FHFA and Fannie Mae on one hand and the HOA on the other.[45]

Accordingly, Fannie Mae and the FHFA have not pled a plausible declaratory-relief claim against the HOA. I grant the HOA's motion to dismiss on this basis (ECF 44) and deny as moot its remaining motion to dismiss for lack of subject-matter jurisdiction (ECF 28). The dismissal is without leave to amend because it does not appear at this time that Fannie Mae and the FHFA can plead any set of facts to support this declaratory-relief claim against the HOA.

**Conclusion**

IT IS THEREFORE ORDERED that Fannie Mae and the FHFA's Motion for Summary Judgment **[ECF 26] is DENIED.**

IT IS FURTHER ORDERED that The Keys Condominium Association's Motion to Dismiss the Federal Housing Finance Agency's Counterclaim **[ECF 44] is GRANTED** and its Motion to Dismiss Fannie Mae's Counterclaim **[ECF 28] is DENIED** as moot. **All claims against The Keys Condominium Association are dismissed without leave to amend.**

Dated this 8th day of October, 2015

_____
Jennifer A. Dorsey
United States District Judge

---

[43] ECF 24 at ¶¶ 10, 11.

[44] ECF 27-1 at 35.

[45] *Feldman v. Bomar*, 518 F.3d 637, 642 (9th Cir. 2008).