# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LN Management LLC Series 5271 Lindell,<br><br>    Plaintiff<br>v.<br><br>Estate of Anne Piacentini, et al.,<br><br>    Defendants | Case No. 2:15-cv-00131-JAD-NJK<br><br>**Order Dismissing Action** |

In September 2016, the court stayed this case sua sponte pending the conclusion of Ninth Circuit proceedings in a case with dispositive issues.[1] The stay order advised that any party could move to lift the stay once that Ninth Circuit case had resolved.[2] That matter was resolved long ago, but no party moved to lift the stay. So, the court gave plaintiff until April 26, 2019, to move to lift the stay or show cause why this case should not be dismissed for failure to prosecute it.[3] That deadline passed without any filing whatsoever.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[4] A court may dismiss an action based on a party's failure to prosecute it, failure to obey a court order, or failure to comply with local rules.[5] In determining whether to dismiss an action on one

---

[1] ECF No. 75.
[2] *Id.*
[3] ECF No. 79.
[4] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).
[5] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to

of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[6]

I find that these factors weigh in favor of dismissing this case for want of prosecution and failing to comply with the court's order. The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[7] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

Accordingly, IT IS HEREBY ORDERED that this action is DISMISSED without prejudice. The Clerk of Court is directed to CLOSE THIS CASE.

Dated: May 3, 2019

_____
U.S. District Judge Jennifer A. Dorsey

---

comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[6] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[7] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).